# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| IN RE:<br><br>OLIVIER RIGON AND CHRISTINE KWON,<br><br>Debtor. | NO. 21-11641<br><br>ADV. NO. |
| EUROPAKIDS PRESCHOOL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>OLIVIER RIGON AND CHRISTINE KWON,<br><br>Defendants. | COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT |

EUROPAKIDS PRESCHOOL, LLC, Plaintiff herein, complains and alleges as follows:

1. Defendants Olivier Rigon ("Rigon") and Christine Kwon ("Kwon") (hereafter, collectively, "the Debtors" or "Defendants") are the Debtors in the underlying Chapter 7 bankruptcy proceeding.

COMPLAINT - Page 1 of 5

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

Case 22-01012-CMA    Doc 1    Filed 03/30/22    Ent. 03/30/22 15:02:40    Pg. 1 of 10

2. Plaintiff Europakids Preschool, LLC ("Europakids" or "Plaintiff") is a Washington limited liability company. Europakids is a prepetition creditor of Defendants, as defined by 11 USC § 101(10).

3. This is an adversary proceeding to determine the dischargeability of Defendants' debt to Plaintiff, pursuant to 11 USC § 523(a).

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 USC § 1334(b) and 28 USC § 157(a). The Bankruptcy Court has the authority under applicable law to enter a final order or judgment in this action. The Plaintiff consents to entry of a final order or judgment by the bankruptcy judge.

## FACTUAL ALLEGATIONS REGARDING CLAIM

5. Defendants Rigon and Kwon are, and have been at all relevant times, husband and wife. Defendants are residents of the State of Washington and form a marital community under the laws of the State of Washington. Every action described by either Defendant herein was done for the benefit of the marital community.

6. Kwon was the managing member of Rock PI, LLC, a Nevada limited liability company that did business in Washington State. As described below, on February 25, 2021, Rock PI filed a Chapter 7 bankruptcy petition in this Court.

7. Rock PI was in the business of developing residential real estate, as well as buying, renovating, and "flipping" residential real estate. Rock PI had no lending relationship with any banking institution or other conventional real property lender. Instead, Rock PI raised funds through Kwon and Rigon soliciting loans from both hard-money lenders and "friends and family."

8. At the time of the events complained of herein, Kwon and Rigon had become acquainted with Kelly Milbrandt. Ms. Milbrandt is a member and manager of Europakids. Kwon

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

and/or Rigon approached Ms. Milbrandt about a loan to Rock PI. In July 2019, Kwon sent an email to Ms. Milbrandt stating that Rock PI wished to borrow $50,000, for a twelve-month term at 12% interest.

9. In soliciting this loan, Kwon represented to Ms. Milbrandt (among other things) that (a) the purpose of the loan was to renovate property at 131 29th Ave. E, in the Madrona neighborhood of Seattle; (b) the loan would be used for the imminent reconfiguration of the property and the construction of a detached accessory dwelling unit (DADU); (c) a permit was in hand and construction was ready to start; (d) upon completion of the DADU the property would be divided as a condominium and sold; (e) the existing debt against the property was $570,000; and (f) upon completion with the DADU the projected sale price would be $1,500,000.

10. Kwon additionally represented that the loan being solicited would be secured by a second-position deed of trust on the property at 131 29th Ave. E, Seattle.

11. Relying on these representations, Europakids loaned $50,000 to Rock PI. The loan was memorialized in a promissory note between Europakids and Rock PI, executed on July 22, 2019. A true and accurate copy of the promissory note is attached as Exhibit A and incorporated herein.

12. The attached promissory note includes a personal guarantee executed by Christine Kwon in favor of Europakids for all principal, interest, and collection costs including attorney's fees.

13. The representations made by Defendants regarding the intended use of the loan by Rock PI, the status of the development, the value of the property, and the promised security interest in the property were not true. In fact: No funds obtained from Europakids were used to develop the property; the funds borrowed from Europakids were used immediately to pay other debt of Rock PI that had not been disclosed to Europakids; the property was never developed beyond its condition as of July 2019; Europakids did not get a second-position deed of trust after $570,000 in debt, as there

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

was already a second-position deed of trust against the property that was not disclosed by Defendants to Europakids; the first-position loan was close to being in default and Rock PI had no clear plans for paying that loan; and the requisite permits for the promised development had not been fully obtained.

14. The loan was not repaid when due. Rock PI made some interest-only payments in 2019 and 2020, but stopped making regular interest payments in June 2020. Following the July 19, 2020, loan maturity date passing without payment, Europakids sent a notice of default and began charging interest at the default rate of 18%.

15. On February 25, 2021, Rock PI filed a Chapter 7 bankruptcy petition in this Court, *In re Rock PI, LLC,* No. 21-10390-CMA (the "Rock PI Case"). Europakids was listed on the bankruptcy schedules as holding a claim of $50,000. The scheduled amount is not correct as it does not include accrued and unpaid interest and fees. Europakids is listed as a secured creditor, in third position, with approximately $730,000 in senior secured debt ahead of it, against property valued at $616,894. Per Schedule H, Christine Kwon is listed as a codebtor on the Europakids obligation.

16. On August 30, 2021, within one year of the commencement of the Rock PI Case, Kwon and Rigon filed their joint Chapter 7 case in this court. Europakids is listed on the bankruptcy schedules as a general unsecured creditor holding an undisputed claim of $50,000 for "Business Debt Personal Guarantee."

## CAUSE OF ACTION

17. The Debtors solicited a $50,000 loan from Europakids. The representations made in soliciting this loan were false.

18. The Debtors knew these representations were false.

19. The Debtors intended for Europakids to act upon these misrepresentations and to loan $50,000 to the Debtors' company. That company then promptly used that money to pay other company

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

obligations. The Debtors never used the funds for the development of the Seattle property, and never intended to do so. The Debtors knew or should have known that the property could not be developed as promised.

20. Europakids justifiably relied on the Debtors' representations being truthful.

21. Europakids has suffered significant damages as a result of the Debtors' fraud and misrepresentations. The amount owed—which was personally guaranteed by the Debtors—was $60,694.52 as of the date of the Debtors' bankruptcy filing.

22. The amount owed by the Debtors to Plaintiff should be excepted from discharge pursuant to 11 USC § 523(a)(2)(A).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks an order as follows:

A. Determining that Plaintiff's claim, in an amount to be proven at trial but no less than $60,694.52, and including all interests, fees, costs, and additional damages allowed under contract and/or statute, should be excepted from any discharge otherwise awarded to the Debtors;

B. Awarding Plaintiff its costs, including the filing fee, and any attorney's fees permitted under applicable law; and

C. Such other relief as the Court deems just and equitable.

DATED March 30, 2022.

WENOKUR RIORDAN PLLC

*/s/ Alan J. Wenokur*
_____
Alan J. Wenokur, WSBA # 13679
Attorney for Plaintiff

COMPLAINT - Page 5 of 5

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

Case 22-01012-CMA    Doc 1    Filed 03/30/22    Ent. 03/30/22 15:02:40    Pg. 5 of 10

# EXHIBIT A

# PROMISSORY NOTE

**$50,000.00**          July 19, 2019

**FOR VALUE RECEIVED**, **Rock PI LLC, a Nevada limited liability company**, hereinafter "Maker" promises to pay to **EuropaKids Preschool, LLC,** hereinafter "Holder" or order, or other such place as may be designated by the Holder from time to time, the principal sum of **FIFTY THOUSAND DOLLARS (US $ 50,000.00)**, with interest, on the unpaid principal at the rate of **TWELVE** percent (**12.0000**%) per annum as follows:

1. **INSTALLMENT PAYMENTS:** Maker shall pay, *(check one)*

    a.    **[    ]**    **NO INSTALLMENTS.** No installment payments are required.

    b.    **[    ]**    **PRINCIPAL and INTEREST INSTALLMENTS** of **Zero dollars ($0.00)**.

    c.    **[ X ]**    **INTEREST ONLY PAYMENTS** on the outstanding principal balance.

    ***(The following must be completed if "b" or "c" is checked)***

    The installment payments shall begin on the and shall continue on the day of each succeeding: *(check one)*

    [ **X** ] calendar month          [    ] twelfth calendar month

    [    ] third calendar month          [    ] Other:

    [    ] sixth calendar month

2. **DUE DATE:** The entire balance of this Note together with any and all interest accrued thereon shall be due and payable in full on or before **July 19th, 2020**.

3. **DEFAULT INTEREST:** After maturity, or failure to make any payment, any unpaid principal shall accrue interest at the rate of **percent (%)** per annum (18% if not filled in) OR the maximum rate allowed by law, whichever is less, during such period of Maker's default under this Note.

4. **ALLOCATION OF PAYMENTS:** Each payment shall be credited first to any late charge due, second to interest, and the remainder to principal.

5. **PREPAYMENT:** Maker may prepay all or part of the balance owed under this Note at any time without penalty.

Authentisign ID: 13C048E0-849D-4A3D-9722-45AFC1DF691C

6. **CURRENCY:** All principal and interest payments shall be made in lawful money of the United States.

7. **LATE CHARGE:** If Holder receives any installment payment more than **10** days (15 days if not filled in) after its due date, then a late payment charge of **$50.00**, or **TEN percent (10.0000%)** of the installment payment (5% of the installment payment if neither is filled in) shall be added to the scheduled payment.

8. **DUE ON SALE:** *(OPTIONAL -***Not applicable unless initialed by Holder and Maker to this Note)** If this Note is secured by a Deed of Trust or any other instrument securing repayment of this Note, the property described in such security instruments may not be sold or transferred without the Holder's consent. Upon breach of this provision, Holder may declare all sums due under this Note immediately due and payable, unless prohibited by applicable law.

   _____*CK*_____　　　　　　　　　　_____*Km*_____
   　　Maker (Initials)　　　　　　　　　　　　Holder (Initials)

9. **ACCELERATION:** If Maker fails to make any payment owed under this Note, or if Maker defaults under any Deed of Trust or any other instruments securing repayment of this Note, and such default is not cured within ___ days (30 days if not filled in) after written notice of such default, then Holder may, at its option, declare all outstanding sums owed on this Note to be immediately due and payable, in addition to any other rights or remedies that Holder may have under the Deed of Trust or other instruments securing repayment of this Note.

10. **ATTORNEYS' FEES AND COSTS:** Maker shall pay all costs incurred by Holder in collecting sums due under this Note after a default, including reasonable attorneys' fees, whether or not suit is brought. If Maker or Holder sues to enforce this Note or obtain a declaration of its rights hereunder, the prevailing party in any such proceeding shall be entitled to recover its reasonable attorneys' fees and costs incurred in the proceeding (including those incurred in any bankruptcy proceeding or appeal) from the non-prevailing party.

11. **WAIVER OF PRESENTMENTS:** Maker waives presentment for payment, notice of dishonor, protest and notice of protest.

12. **NON-WAIVER:** No failure or delay by Holder in exercising Holder's rights under this Note shall be a waiver of such rights.

13. **SEVERABILITY:** If any clause or any other portion of this Note shall be determined to be void or unenforceable for any reason, such determination shall not affect the validity or enforceability of any other clause or portion of this Note, all of which shall remain in full force and effect.

14. **INTEGRATION:** There are no verbal or other agreements which modify or affect the terms of this Note. This Note may not be modified or amended except by written agreement signed by Maker and Holder.

Authentisign ID: 13C048E0-849D-4A3D-9722-45AFC1DF691C

Promissory Note                                    Date: **07/19/2019**

15. **CONFLICTING TERMS:** In the event of any conflict between the terms of this Note and the terms of any Deed of Trust or other instruments securing payment of this Note, the terms of this Note shall prevail.

16. **EXECUTION:** Each Maker executes this Note as a principal and not as a surety. If there is more than one Maker, each such Maker shall be jointly and severally liable under this Note.

17. **COMMERCIAL PROPERTY:** *(OPTIONAL-*Not applicable unless initialed by Holder and Maker to this Note)* Maker represents and warrants to Holder that the sums represented by this Note are being used for business, investment or commercial purposes, and not for personal, family or household purposes.

    _____*CK*_____                                    _____*Km*_____
    Maker (Initials)                                    Holder (Initials)

    **ORAL AGREEMENTS:** ORAL AGREEMENTS OR ORAL COMMITMENTS TO LOAN MONEY, TO EXTEND CREDIT, OR TO FOREBEAR FROM ENFORCING REPAYMENT OF A DEBT ARE NOT ENFORCEABLE UNDER WASHINGTON LAW.

18. **DEFINITIONS:** The word Maker shall be construed interchangeably with the words Borrower or Payer and the word Holder shall be construed interchangeably with the words Lender or Payee. In this Note, singular and plural words shall be construed interchangeably as may be appropriate in the context and circumstances to which such words apply.

19. **PERSONAL GUARANTEE:** The undersigned, in consideration of the extension of credit by HOLDER to MAKER, unconditionally personally guarantee the full and prompt payment of principal, interest, and any collection costs, including attorney's fees to HOLDER. The undersigned consent to any extensions which may be made from time to time between MAKER and HOLDER, and consents to the release or substitution of any collateral.

    *****************************************************************
    READ CAREFULLY: You are executing a legally binding obligation to pay this debt should the primary maker fail or refuse to do so. This may mean that you might be called on to pay this debt and collection costs.
    *****************************************************************

    *Christine Kwon, Member*
    GUARANTOR 7/22/2019 9:58:17 AM PDT

20. **ADDITIONAL TERMS AND CONDITIONS:** *(check one)*

    a.      [        ] NONE

    OR

Page 3 of 4

Case 22-01012-CMA    Doc 1    Filed 03/30/22    Ent. 03/30/22 15:02:40    Pg. 9 of 10

　　　b.　　[　X　]　The interest rate will be changed to 18% after the 12 month term if the loan needs to be extended.

**(Note: If neither a or b is checked, then option "a" applies)**

20.　**THIS NOTE IS SECURED BY [ X ] DEED OF TRUST, [　] MORTGAGE, [　] , OF EVEN DATE.**

Maker (signature(s))

Rock PI LLC, a Nevada limited liability company

By: _Christine Kwon, Member_
　　　7/24/2019 9:58:48 AM PDT
　Name: Christine Kwon
　Title: Member

Maker's address for all notices given by Holder under this Note: **,**

**DO NOT DESTROY THIS NOTE:**
When paid this original Note, together with the Deed of Trust/Mortgage securing same, must be surrendered to Trustee for cancellation and retention before any reconveyance can be processed.